**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3230
_____

WAYNE JOHNSON,
Appellant

v.

JANE DOE; DR. JOHN DOE; WARDEN MAY; NURSE ROBINSON; NURSE BYRD;
CORRECTIONAL OFFICER KEYS; DENTAL ASSISTANT HOLLY;
MAJOR BELLOS; CORIZON; DR. JANE DOE; DR. SCHNEIDER; DR. HAQUE;
NURSE MARINHO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-00415)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 16, 2024
_____

Before:  RESTREPO, PHIPPS, and McKEE, *Circuit Judges*

(Filed:  October 7, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

After an inmate endured two unsuccessful attempts to extract two of his front teeth, he sued several people related to the medical care he received. He brought claims against the prison dentist who attempted the second extraction and against the prison physician who treated his subsequent pain – both for medical malpractice and for violating the Eighth Amendment. In response to their dispositive motions, the District Court rejected all claims against those defendants. Through this timely appeal, the prisoner now disputes those rulings. On *de novo* review, we will affirm the orders of the District Court.

## FACTUAL BACKGROUND

In early 2017, Wayne Johnson, a 52-year-old inmate with Parkinson's disease, diabetes, a cocaine dependency, and schizophrenia, began experiencing severe pain in two of his front teeth while incarcerated at Curran-Fromhold Correctional Facility in Philadelphia, Pennsylvania. He submitted a sick call slip and on January 24, 2017, was seen by a dentist who determined that both teeth needed to be extracted. Despite an infection in Johnson's mouth, a different dentist attempted to extract those teeth on February 6, 2017, but that effort was unsuccessful because the dentist could not anesthetize the teeth.

Johnson was prescribed an antibiotic for the infection, and on February 9, he again sought to have those two teeth extracted. The available staff dentist, Dr. Sherri Lynn Schneider, explained the risks of the surgery, obtained Johnson's written consent, and began the process of extracting the teeth. Although she used a different local anesthetic, she could not fully numb the area. When she observed Johnson in pain, she stopped the operation and prescribed a different antibiotic for his infection.

2

Not long after returning to his cell, Johnson's pain worsened. After being taken to the medical unit, Johnson received an injection of Nubain, a narcotic. Johnson identifies Dr. Mohammed Haque as the provider who authorized that treatment. Johnson also received Tylenol with codeine.

Later that evening, Johnson felt nauseous and began abnormal twitching. He was taken to the medical ward, where he vomited several times. Haque then authorized Johnson's transport to a local hospital, where he was diagnosed with occasional tremors and dentalgia. Johnson was given morphine and was discharged the next day.

A month later, on Schneider's referral, Johnson had an appointment with an outside oral surgeon. He was scheduled to have both teeth extracted, but he consented only to having one removed, and the outside oral surgeon did so successfully.

## PROCEDURAL HISTORY

On February 16, 2022, Johnson sued Schneider and Haque in District Court. His claims against Schneider were under state law for medical malpractice and under 42 U.S.C. § 1983 for violating the Eighth Amendment, and both claims related to the second failed extraction of his teeth. Johnson pursued the same causes of action against Haque based on Haque's authorizing and administering an overdose of Nubain, which Johnson claims manifested through his abnormal twitching.[1]

---

[1] Johnson also sued a prison nurse, Emanuel Marinho, along with three other prison medical personnel, three correctional officers, and the corporation that provided onsite medical care. The District Court entered summary judgment in Marinho's favor, and on appeal, Johnson has abandoned challenges to the ruling because he did not develop an argument in support of his claims against Marinho. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (explaining "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief" and the failure to do so results in abandonment of that issue on appeal); *see also Nat'l Football League Players' Concussion Inj. Litig.*, 923 F.3d 96, 105 (3d Cir. 2019) (explaining arguments not properly presented are abandoned).

3

Schneider moved to dismiss Johnson's medical malpractice claim for failure to state a claim for relief because he did not timely file a certificate of merit.[2] In response, Johnson filed a certificate of merit, but he conceded that it was late. The District Court granted Schneider's motion and dismissed the medical malpractice claim against her without prejudice.

Although that dismissal was without prejudice, Johnson did not file an amended complaint with a timely certificate of merit. Nor did he file a motion for reconsideration of the dismissal. His counsel did write a letter to the District Court seeking clarification as to why the claim was dismissed without prejudice for untimeliness when he had filed his certificate of merit within sixty days of filing his second amended complaint.

After discovery, Schneider and Haque separately moved for summary judgment on the Eighth Amendment claims. The District Court granted those motions. *See Johnson v. Schneider*, 2023 WL 8436053 (E.D. Pa. Dec. 5, 2023). It rejected Johnson's Eighth Amendment claims for a lack of evidence that either Schneider or Haque acted with deliberate indifference when treating Johnson. *Id.* at *2. It also dismissed the medical malpractice claim against Haque because Johnson did not oppose its dismissal. *Id.* at *1 n.1.

---

[2] Under a Pennsylvania Rule of Civil Procedure, a medical-malpractice plaintiff has sixty days from the filing of a complaint to file a certificate of merit from an appropriate licensed professional stating that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R. Civ. P. 1042.3(a)(1); *see generally Schmigel v. Uchal*, 800 F.3d 113, 121–22 (3d Cir. 2015) (holding that Pennsylvania's certificate-of-merit rule applied in federal court because it did not conflict with Federal Rules of Civil Procedure 7(b) or 12(b) and it was substantive); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 545 (3d Cir. 2012) (conducting a choice-of-law analysis on a supplemental jurisdiction claim); *cf.* 28 U.S.C. § 1367(a) (setting forth when federal courts can exercise supplemental jurisdiction).

After those rulings, Johnson filed a Rule 54(b) motion, and the District Court issued an order stating that its other rulings were final. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties[.]"). Then, through a timely notice of appeal, Johnson invoked this Court's appellate jurisdiction.[3] He now challenges the rulings on his Eighth Amendment claims against Haque and Schneider as well as his medical malpractice claim against Schneider.

## DISCUSSION

### A. Without Evidence of Deliberate Indifference, Johnson's Eighth Amendment Claims Cannot Survive Summary Judgment.

For his Eighth Amendment claims to survive summary judgment, Johnson had to produce evidence of each defendant's deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 107–08 (1976); *see also Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (explaining that an Eighth Amendment claim premised on deficient medical care has three elements: an objectively serious medical need, deliberate indifference, and the inmate sustains an injury as a result of that deliberate indifference); *see generally SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) ("If the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial,' then summary judgment is appropriate for the moving party." (quoting *Celotex Corp.*, 477 U.S. 317, 322 (1986) (alterations in original))). Deliberate indifference requires obduracy and wantonness – not merely professional negligence. *See Whitley v.*

---

[3] Although Johnson's notice of appeal mentioned only Schneider by name, it did identify the rulings being challenged, and by so doing, it does not prevent the exercise of appellate jurisdiction over all parties to those rulings. *See* Fed. R. App. P. 3(c)(1)(B) (explaining a notice to appeal must *inter alia* "designate the judgment--or the appealable order--from which the appeal is taken").

5

*Albers*, 475 U.S. 312, 319 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."); *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020) ("Deliberate indifference requires significantly more than negligence."). Johnson's evidence against Haque and Schneider falls well short of meeting that standard.

As to Haque, even crediting Johnson's statement that Haque injected him with Nubain while he was taking Tylenol with codeine, that was not obdurate or wanton. *See Hope*, 972 F.3d at 329–30 (explaining where an inmate receives some treatment, deliberate indifference is harder to prove since medical professionals are entitled to considerable "leeway . . . in diagnosing and treating [an inmate's] physical and mental health."). Johnson presented in extreme pain, and the injection was a palliative treatment. Moreover, after Johnson began abnormal twitching and vomiting, Haque authorized his transfer to a local hospital. Those actions were nowhere close to obdurate or wanton. *See Pearson v. Prison Health Servs.*, 850 F.3d 526, 535 (3d Cir. 2017) ("[T]he mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care."). Because Johnson cannot prove Haque acted with deliberate indifference, the District Court correctly granted summary judgment in his favor.

Schneider's actions were also extremely far removed from obdurate or wanton. She obtained Johnson's informed consent to treatment, used a different local anesthetic than the one that previously did not take, stopped the operation upon observing Johnson's pain, prescribed a different antibiotic to treat the infection, and made a referral to an outside

6

provider for Johnson to have the desired surgery. She did not opt for "an easier and less efficacious treatment," deny "reasonable requests for medical treatment," or refuse to provide known needed medical care. *Palakovic v. Wetzel*, 854 F.3d 209, 228 (3d Cir. 2017) (quotations omitted). Thus, the Eighth Amendment claim against her is hollow and was rightly rejected. *See Pearson*, 850 F.3d at 538 ("[Courts] must disavow any attempt to second-guess the propriety or adequacy of their particular course of their treatment so long as it remains a question of sound professional judgment." (quotation omitted)).

### B. Johnson's Medical Malpractice Claim Was Not Preserved.

Johnson also argues that the District Court erred in dismissing his medical malpractice claim against Schneider. He contends that despite his representation that the certificate of merit was late, it was timely. That may be true, but the District Court relied on Johnson's representation as to the untimeliness of the certificate of merit, and after it dismissed that claim without prejudice, Johnson did not attempt to pursue that claim through an amended pleading. He likewise did not file a motion for reconsideration. *See* E.D. Pa. Civ. R. 7.1(g) (requiring motions for reconsideration to be filed within 14 days of the order).[4] Thus, any claim of error was invited and unpreserved. *See Lesende v. Borrero*, 752 F.3d 324, 337 (3d Cir. 2014) (explaining under the doctrine of invited errors, a party cannot complain on appeal of an error that "the party, through conduct, encouraged or prompted the . . . court to make." (quoting *Lima v. Newark Police Dep't*, 658 F.3d 324, 333 n.2 (3d Cir. 2011))); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009) ("For an issue to be preserved for appeal, a party 'must unequivocally put its position before

---

[4] Johnson's letter to the District Judge was not a motion and did not comport with that judge's policies and procedures. *See* Beetlestone, J., Practices & Procedures § I (Jan. 2023).

the trial court at a point and in a manner that permits the court to consider its merits.'" (quoting *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999))).

\* \* \*

For these reasons, we will affirm the judgment of the District Court.